IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY J. SCHOLZEN,<br><br>Plaintiff,<br><br>v.<br><br>SCHOLZEN PRODUCTS COMPANY d/b/a SCHOLZEN PRODUCTS COMPANY, INC., a Utah corporation, BRUCE BALLARD, an individual and REGGIE CAMPOS, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Case No. 4:20-cv-00019-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff Timothy J. Scholzen ("Mr. Scholzen") asserts claims against Defendants Scholzen Products Company, Inc. ("Scholzen Products"), Bruce Ballard ("Ballard"), and Reggie Campos ("Campos") for: (1) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"); (2) violation of the Utah Payment of Wages Act ("UPWA"); (3) breach of contract; (4) violation of the duty of good faith and fair dealing; (5) conversion; (6) civil conspiracy; and (7) vicarious liability.[1] Defendants filed a motion seeking dismissal for failure to state a claim of the following claims: conversion, civil conspiracy, and violation of the duty of good faith and fair dealing as to Campos and Ballard.[2] Defendants also argue that the remaining claims should be limited by relevant statutes of limitations.

---

[1] First Amended Complaint ("Amended Complaint"), at 11-19, docket no. 30, filed Jul. 21, 2020.

[2] Defendant's Rule 12(b)(6) Motion to Dismiss Some of the Claims of Plaintiff ("Motion"), at 1-2, docket no. 40, filed Aug. 14, 2020; Plaintiff's Memorandum in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss Some

Because Mr. Scholzen fails to state a claim against Defendants for conversion and against Ballard and Campos for violation of the duty of good faith and fair dealing, Defendants' Motion is GRANTED as to those claims. Defendants' motion is also GRANTED as to some statute of limitations bars. Because the civil conspiracy claim is adequately pled, it is not dismissed.

## Table of Contents

Standard of review ................................................................................................................... 2
BACKGROUND ......................................................................................................................... 3
DISCUSSION ............................................................................................................................... 4
    I.    The Conversion Claim Fails. .......................................................................................... 4
    II.   The Civil Conspiracy Claim Is Adequately Pled. ............................................................ 5
    III.  Ballard and Campos Cannot Be Liable for Violation of the Contractual Duty of Good Faith and Fair Dealing. .................................................................................................... 6
    IV.  Statutes of Limitation Operate to Limit Several Claims................................................. 7
        A.   The FLSA claim is untimely to the extent it is based on unpaid overtime that should have been paid before March 2, 2017. ........................................................ 8
        B.   The UPWA claim is timely. .................................................................................. 11
        C.   The FLSA and UPWA limitations periods do not limit the remaining claims. ........ 11
ORDER ....................................................................................................................................... 12

## STANDARD OF REVIEW

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[3] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[4] "In determining facial plausibility, the Court's function 'is not to weigh potential evidence that the

---

of the Claims of Plaintiff ("Opposition"), docket no. 46, filed September 18, 2020; Defendants' Reply Memorandum in Support of Rule 12(b)(6) Motion to Dismiss Some of the Claims of Plaintiff ("Reply"), docket no. 47, filed October 2, 2020.

[3] *Fed. R. Civ. P. 12(b)(6)*; *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient' when the asserted 'factual allegations are accepted as true.'"[5] In reviewing the complaint, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[6] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[7]

## BACKGROUND

Mr. Scholzen is a current employee of Scholzen Products and has been employed by Scholzen Products for approximately 31 years.[8] Scholzen Products employs Campos as its controller and Campos's actions, including payroll, are approved by Ballard.[9] Mr. Scholzen alleges that Defendants have intentionally misclassified him as an exempt employee in order to avoid paying him overtime wages due and have otherwise unlawfully withheld wages over the course of the past seven years as part of a conspiracy to convert the wages to their own use.[10] Mr. Scholzen further alleges that Defendants "required" him "to sign over his disability checks to convert to Defendants' own uses and purposes."[11] Additionally, he alleges that he "did not know the extent of Defendants' unlawful and unconscionable actions until August 2019,"[12] and that Defendants "intentionally concealed the reductions in Mr. Scholzen's wages by entering

---

[5] *Hunter v. Agility Energy, Inc.*, 419 F. Supp. 3d 1269, 1272 (D. Utah 2019) (quoting *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[8] Amended Complaint at 3-4 ¶¶ 11, 14.

[9] *Id.* at 5 ¶¶ 23-24. The Amended Complaint does not identify Ballard's position except to say that he is an "agent" of Scholzen Products. *E.g.*, Amended Complaint at 1. However, Scholzen Products has previously identified Ballard as its president. Defendant's Response Memorandum in Opposition to Plaintiff's Motion to File First Amended Complaint at 2, docket no. 25, filed June 24, 2020.

[10] Amended Complaint at 1-2, 5-8 ¶¶ 21, 26-27, 30, 35, 45, 48, 50.

[11] *Id.* at 5 ¶ 28; *id.* at 2.

[12] *Id.* at 6 ¶ 31.

incorrect information on Mr. Scholzen's paystub."[13] On March 2, 2020, Mr. Scholzen filed this action.[14] On July 21, 2020, he filed the Amended Complaint asserting a variety of statutory, contract, and tort claims against Defendants, and seeking compensatory and punitive damages for each cause of action.[15]

## DISCUSSION

### I.  The Conversion Claim Fails.

"In Utah, a cause of action for conversion exists when: (i) there is willful interference with personal property; (ii) without lawful justification; (iii) by which the person entitled to the property is deprived of its use or possession; and (iv) the party alleging conversion was entitled to immediate possession of the property at the time of conversion."[16] However, "[c]onversion of monies is not treated the same as the conversion of standard chattels. Rather, an action for conversion 'may be maintained for the recovery of money physically taken by Defendant from Plaintiff's possession,' but it 'will not lie to enforce a mere obligation to pay.'"[17]

Here, Mr. Scholzen's conversion claim is based on Defendants allegedly "withh[olding] and retain[ing] [his] lawful wages for their own uses and purposes."[18] The conversion claim is thus clearly an attempt "to enforce a mere obligation to pay" and accordingly fails as a matter of law.[19]

---

[13] *Id.* at 6 ¶ 37.

[14] Complaint, docket no. 2, filed March 2, 2020.

[15] Amended Complaint at 11-20.

[16] *Nilson v. JPMorgan Chase Bank, N.A.*, 690 F. Supp. 2d 1231, 1252 (D. Utah 2009).

[17] *Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1198, 1207 (D. Utah 2015) (citing *Scatuorchio v. Walmac Stud Management, LLC*, 941 F. Supp. 2d 807, 827 (D. Ky. 2013).

[18] Amended Complaint at 17 ¶¶ 135-37.

[19] *Global Fitness Holdings*, 127 F. Supp. 3d at 1207; *In re Wal-Mart Wage and Hour Employment Practices Litigation*, 490 F. Supp. 2d 1091, 1103-04 (D. Nev. 2016) (holding that Utah would not recognize a conversion claim based on unpaid wages).

Mr. Scholzen also alleges that Defendants "required" Mr. Scholzen to sign over his disability checks while Mr. Scholzen was on disability for a workplace injury.[20] But Mr. Scholzen does not mention this allegation in connection with his conversion claim.[21] And even if this additional allegation is considered, Mr. Scholzen does not explain how, when, or why Defendants "required" this of him, or provide any additional facts to support the conclusion that Defendants' conduct was "wrongful[]"[22] or "without lawful justification"[23] as required for a conversion claim. Therefore, Mr. Scholzen does not submit "well-pleaded facts" to make this cause of action "plausible on its face."[24]

Because Mr. Scholzen fails to state a legally sufficient claim for conversion, that claim is dismissed without prejudice.[25]

## II.     The Civil Conspiracy Claim Is Adequately Pled.

"Under Utah law, civil conspiracy requires proof of five elements: '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'"[26] "[T]o satisfy the fourth element of a civil conspiracy, case law requires that a plaintiff show that the defendant participated in an underlying tort."[27] Defendants argue that

---

[20] Amended Complaint at 2, 5 ¶ 28.

[21] *Id*. at 17-18 ¶¶ 134-139.

[22] *Id.* at 2.

[23] *Nilson*, 690 F. Supp. 2d at 1252.

[24] *Twombly*, 550 U.S. at 570.

[25] Defendants also argue that this claim is barred by the economic loss rule. It is unnecessary to address this issue.

[26] *Celtig, LLC v. Patey*, 347 F. Supp.3d 976, 985 (D. Utah 2018) (quoting *Pohl, Inc. of Am. v. Webelhuth*, 201 P.3d 944, 954-55 (2008)).

[27] *Id*. at 986 (citing *Estrada v. Mendoza*, 275 P.3d 1024, 1029 (Utah Ct. App. 2012)).

because Mr. Scholzen's conversion claim fails (as stated above), the civil conspiracy claim must fail as well. That is incorrect.

In support of his civil conspiracy claim, Mr. Scholzen alleges, in relevant part, as follows:

> Ballard and Campos, with permission from Scholzen Products, engaged in civil conspiracy with the continued plans to commit the unlawful acts of failing to pay Mr. Scholzen overtime compensation, withholding money from Mr. Scholzen's paychecks to which they had no right and forging documents associated with Mr. Scholzen's commissions and wage to issue paychecks that were intentionally incorrect.[28]

The underlying tort requirement is satisfied by the alleged conspiracy to violate Mr. Scholzen's statutory rights to overtime compensation and to be paid the full amount of wages earned.[29] Therefore, the civil conspiracy claim is not dismissed.

### III. Ballard and Campos Cannot Be Liable for Violation of the Contractual Duty of Good Faith and Fair Dealing.

In Utah, "a covenant of good faith and fair dealing inheres in most, if not all, contractual relationships."[30] When parties sign a contract, "each *party* impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract."[31]

Here, Ballard and Campos are not alleged to be parties to the employment contract between Scholzen Products and Mr. Scholzen,[32] so they (Ballard and Campos) cannot be liable for violation of the duty of good faith and fair dealing arising under that contract.

---

[28] Amended Complaint at 18 ¶ 141.

[29] *Cf. Estrada*, 275 P.3d at 1029 (noting alleged violation of a statute as "underlying tort" or "predicate act for [plaintiffs'] civil conspiracy claim").

[30] *St. Benedict's Development Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991); *Vander Veur V. Groove Entm't Techs.*, 452 P.3d 1173, 1177-78 (Utah 2019).

[31] *St. Benedict's*, 811 P.2d at 199 (emphasis added and citation omitted).

[32] Amended Complaint at 15-16 ¶¶ 118-124.

Mr. Scholzen's arguments to the contrary are unpersuasive. He contends that his "[Amended] [C]omplaint, read as a whole, and given a specific cause of action for vicarious liability, does allege contract claims against Defendants Ballard and Campos."[33] But the referenced "vicarious liability" claim *seeks to hold Scholzen Products liable for the actions of Ballard and Campos*, not the reverse.[34] He also argues that "[a]s agents of Defendant Scholzen Products, and in fiduciary roles, Ballard and Campos absolutely have contractual obligations."[35] But he cites no authority and engages in no significant analysis to support this vague contention, or to show the applicability of any exception to "[t]he general rule . . . that a corporation is an entity separate and distinct from its officers, shareholders and directors and that they will not be held personally liable for the corporation's debts and obligations."[36]

Accordingly, Mr. Scholzen's claim for violation of the duty of good faith and fair dealing is dismissed as to Ballard and Campos.

### IV.     Statutes of Limitation Operate to Limit Several Claims.

Defendants assert that Mr. Scholzen's claims should be limited by the relevant statute of limitations periods, which they summarize as follows:

> These limitations periods include the (a) three (3) year or two (2) year periods set forth under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); (b) the one year period on any wage claims under U.C.A. § 34-28-9(1)(e) for claims under the Utah Payment of Wages Act, U.C.A. § 34-28-1, et seq. ("UPWA"); (c) the four (4) year period on verbal contracts under U.C.A. § 78B-2-307(1), which has been modified for all overtime claims under the FLSA down to three (3) years or for all wage claims to one year under U.C.A. § 34-28-9(1)(e); [(d)] the three (3) year period for conversion under U.C.A. § 78B-2-305; or [(e)] the four (4) year period for civil conspiracy under U.C.A. § 78B-2-307(3), which, when based on conversion should be limited to the three (3) year period for conversion. As such, any claims for unpaid overtime and claims for wages

---

[33] Opposition at 2; 5.

[34] Amended Complaint at 18-19 ¶¶ 146-151.

[35] Opposition at 5-6.

[36] *Heaps v. Nuriche, LLC*, 2015 UT 26, ¶ 16, 345 P.3d 655, 659 (citation omitted).

withheld or unpaid that arose prior to the relevant statute of limitations (beyond the three (3) years and one (1) year respectively) should be dismissed with prejudice. In addition, as an alternative to the reasons for dismissal of the conversion and civil conspiracy claims, any claims for conversion or conspiracy that arose prior to the relevant statute of limitations (beyond the three (3) years) should be dismissed with prejudice.[37]

"A complaint need not anticipate any affirmative defenses that may be raised by the defendant, including the statute of limitations; it is the defendant's burden to plead an affirmative defense."[38] Only "when the complaint itself admits all the elements of the affirmative defense" is it "proper to dismiss a complaint based on an affirmative defense."[39] That is, "[a] statute of limitations defense may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished."[40] Each of the claims is addressed below.

### A. The FLSA claim is untimely to the extent it is based on unpaid overtime that should have been paid before March 2, 2017.

Here, Mr. Scholzen's FLSA claim is based in part on an allegedly willful failure to pay overtime between March 2, 2017 and December 31, 2019,[41] as well as during January and February 2020, and since that time.[42] All of these alleged failures fall within the three years preceding the filing of the initial complaint, or thereafter, and it is not argued that the FLSA claim is untimely as to any of these alleged wrongs. But Mr. Scholzen also says that he "brings this action against Defendants to redress wrongs committed over a period of seven (7) years."[43]

---

[37] Motion at 6.

[38] *Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019).

[39] *Id.*

[40] *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (citation and quotation marks omitted).

[41] Amended Complaint at 12 ¶¶ 86, 90.

[42] *Id.* at 13 ¶¶ 97, 99, 101, 103, 105-07.

[43] *Id.* at 1.

In this regard, he alleges that "[d]uring the past seven (7) years, Defendants refused to pay Mr. Scholzen overtime wages in violation of the [FLSA]."[44] Additionally, albeit inconsistently, he alleges that "upon information and belief, Defendants' unlawful practices started *in 2015* when Scholzen Products hired Campos."[45]

Defendants correctly maintain that a claim for an alleged violation of the FLSA occurring more than three years before the filing of the complaint is untimely on its face. An action "to enforce any cause of action for . . . unpaid overtime compensation" "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]"[46] In other words, "[t]he FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies."[47]

An FLSA cause of action "'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends."[48] "[E]ach failure to pay overtime begins a new statute of limitations period as to that particular event."[49] As a result, Plaintiff has "a non-barred cause of action with respect to any claims (i.e., any paychecks which omitted pay for overtime worked) that accrued within two

---

[44] *Id*.

[45] *Id.* at 8 ¶ 48 (emphasis added).

[46] 29 U.S.C.A. § 255(a).

[47] *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (citing 29 U.S.C. § 255(a)).

[48] 29 C.F.R. § 790.21(b).

[49] *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994).

years—three years, if the [Defendants'] violations were willful—of the date the complaint was filed."[50]

Without citing any authority or particular allegation of the Amended Complaint, Mr. Scholzen argues that "[i]t is premature to ask for dismissal of any claims based on statute of limitations. Some of Plaintiff's claims started seven years ago, others three years ago, some are continuing claims of wrongdoing."[51] Mr. Scholzen suggests that the court should await "depositions which will provide additional supporting evidence as to when a cause of action began."[52] He also asserts that "Defendants will have other opportunities to address statute of limitations as pertaining to damages," and denies that he is "required to have a mini trial [sic] contained in his Complaint."[53]

Like other statutes, the FLSA is subject to equitable tolling,[54] but Mr. Scholzen has not alleged any facts implicating that doctrine.[55] Nor does the bare assertion that some claims are "continuing" enable him to reach back to alleged FLSA violations occurring more than three years prior to the filing of the complaint.[56] Thus, "[s]ince [Mr. Scholzen] filed [his] original

---

[50] *Id.* (citing 29 U.S.C.A. § 255(a) (1985)).

[51] Opposition at 2.

[52] *Id.* at 5.

[53] *Id.*

[54] *Cruz v. Maypa*, 773 F.3d 138, 146–47 (4th Cir. 2014) (applying equitable tolling doctrine as to FLSA claim).

[55] The Amended Complaint alleges that, as to certain purportedly unlawful wage withholdings in August and September 2019, Defendants "intentionally concealed the reductions in Mr. Scholzen's wages by entering incorrect information on Mr. Scholzen's paystub." Amended Complaint ¶¶ 37, 41 at 6-7. Anything that occurred in August or September 2019 is within the statute of limitations and therefore the equitable tolling doctrine is inapplicable. To the extent these allegations of concealment are made as to any acts outside the statute, they are altogether too conclusory to support application of the equitable tolling doctrine. *Bistline v. Parker*, 918 F.3d 849, 880 (10th Cir. 2019) (recognizing that dismissal on limitations grounds may be appropriate where "the facts underlying the allegation of fraudulent concealment are so tenuous, vague, or insufficiently established that the claim fails as a matter of law") (citation omitted).

[56] *Knight*, 19 F.3d at 582.

complaint on [March 2, 2020], all claims for overtime wages for violations occurring before [March 2, 2017] are time-barred and dismissed."[57]

### B. The UPWA claim is timely.

Defendants assert that the UPWA claim is subject to a one-year limitations period pursuant to Utah Code Ann. § 34-28-9(1)(e), which provides that "[a] wage claim shall be filed within one year after the day on which the wages were earned."[58] Other than as set forth in section IV.A, *supra*, Mr. Scholzen has not responded to this argument. However, this statute deals with wage claims filed with the Division of Antidiscrimination and Labor and Labor Commission. Mr. Scholzen's claims are presumably brought under Utah Code Ann. § 34-28-9.5. Defendants have not shown that § 34-28-9(1)(e) applies to an action brought by an individual.

A personal wage claim would appear to be an action afforded "for a liability created by the statutes of this state,"[59] for which the three-year statute of limitations is applicable. Mr. Scholzen's UPWA claim seeks reimbursement of unpaid wages "unlawfully withheld between March 2017 and December 2019"[60] and would all be timely.

### C. The FLSA and UPWA limitations periods do not limit the remaining claims.

Defendants argue that some portions of Mr. Scholzen's remaining claims are also similarly untimely. It is true that his claims for breach of contract and for violation of the duty of good faith and fair dealing are both premised on Scholzen Products' alleged failure to pay him "for all of the hours he worked on its behalf, as more specifically set forth above."[61] Defendants

---

[57] *Acosta v. Yale Club of New York City*, No. 94 CIV.0888(KTD), 1995 WL 600873, at *3 (S.D.N.Y. Oct. 12, 1995) (unpublished).

[58] Utah Code Ann. § 34-28-9(1)(e).

[59] Utah Code Ann. § 78B-2-305.

[60] Amended Complaint at 15 ¶ 115.

[61] *Id.* at 16 ¶¶ 121, 128.

11

assert that these are, in effect, re-pleaded FLSA and UPWA claims and are accordingly barred to the same extent as those claims. Likewise, Defendants assert that Plaintiff's claim for civil conspiracy, which (as stated in section II, *supra*) depends on an underlying tort (here, an alleged FLSA or UPWA violation), is limited to the same extent as that tort.

The latter argument is readily verified by case law (not cited by Defendants).[62] Plaintiff's claim for civil conspiracy, which depends on an alleged FLSA or UPWA violation is limited to the same extent as those violations.

But Defendants' assertions that the FLSA and UPWA statutes of limitation are applicable to Plaintiff's employment contract claims are neither thorough nor convincing. First, the UPWA limitation provision cited by Defendants does not appear to apply to an individual's claim. And no case law was cited to support the argument that the *federal* FLSA statute of limitation is a "different limitation . . . prescribed by statute"[63] which would apply in derogation of the four-year oral contract statute of limitation in Utah Code Ann. § 78B-2-307(1). Therefore, this order will only limit the contract claims to those arising after March 2, 2016.

## ORDER

IT IS HEREBY ORDERED that the Motion[64] is GRANTED IN PART and DENIED IN PART.

- The claim against Defendants for conversion is dismissed without prejudice.

---

[62] *Keating-Traynor v. AC Square*, 343 F. App'x 214, 215 (9th Cir. 2009) (unpublished) (affirming dismissal of civil conspiracy claim where underlying cause of action for violation of FLSA was barred by statute of limitations); *Rabo Agrifinance, Inc. v. Bliss*, 227 F. Supp. 3d 1249, 1252 n.2 (D. Utah 2017) (claim for civil conspiracy to commit fraud held subject to statute of limitations governing underlying fraud claim).

[63] Utah Code Ann. § 78B-2-102.

[64] Defendant's Rule 12(b)(6) Motion to Dismiss Some of the Claims of Plaintiff, docket no. 40, filed Aug. 14, 2020.

- The claim for violation of the duty of good faith and fair dealing is dismissed without prejudice as to Ballard and Campos.

- The civil conspiracy claim is not dismissed.

- The UPWA claims are limited to those arising after March 2, 2017,

- The FLSA claims are limited to those arising after March 2, 2017.

- The claims for breach of contract and breach of the implied covenant of good faith and fair dealing claims are limited to those arising after March 2, 2016.

Signed December 22, 2020.

BY THE COURT

David Nuffer
United States District Judge